For defendant: Philip C. Joslin.

---

Joseph Edward Laurie (Lowrey)
vs.
Barbara Josephine Lowrey
}
Div. No. 25795.

October 26, 1931.

BAKER, J. This is a petition for divorce, the ground alleged being that the parties have lived separate and apart for more than ten years.

The Court is of the opinion that the evidence presented does show without dispute that the parties have lived apart from each other under separate roofs and without the maintaining of any home for a period of some 12 or 13 years.

The respondent contests the petition on the ground that she is desirous of becoming reconciled with her husband and that they have recently discussed so doing; second, that his conduct has been such as ought to prevent his maintaining his petition; and, thirdly, that during the period they have been separated, on at least two distinct occasions he has resumed marital relations with her.

A careful consideration of the testi-

mony leads the Court to believe that on the whole the respondent's claims' are supported. Her Exhibit A, which is a letter and envelope addressed to the petitioner and mailed in New York, discloses a situation from which inferences can readily and reasonably be drawn. It would appear to the Court that the authenticity of this letter can not well be questioned in view of all the evidence in the case. A daughter of the parties testified that she took it from her father's room.

It is, of course, well settled that in a petition of this type the fact of the petitioner's conduct is not necessarily determinative of the disposition which should be made of the petition, but it has been stated that evidence of the same can be used as an aid to the Court in the exercise of its discretion.

*Dever* vs. *Dever*, 50 R. I. 179.

The respondent testified very positively that some six or seven years ago, when one of her daughters was sick, the petitioner visited her home and resumed marital relations with her several times, and that the same thing occurred more recently when he took supper at her house, took her and her daughter out riding and did work on some window screens.

The petitioner made an absolute denial of any such happenings. The testimony presented by the parties and by other witnesses in the case, however, shows that there was ample opportunity for the taking place of such occurrences.

The respondent impressed the Court as a frank and honest witness and not as one who would fabricate such a story. It is inclined to believe that there were such relations as described by her.

The petitioner urges the Court to consider with care the fact that the respondent herself in this proceeding filed a motion in the nature of a cross-petition in which she, too, alleged as a ground thereof that the parties had lived separate and apart for at least ten years.

At the hearing this cross-petition was withdrawn or discontinued with consent of the Court. The respondent testified in explanation of her filing of this cross-petition. Moreover, there is little doubt in the Court's mind that the parties have lived separate and apart for more than ten years and that the statement in the cross-petition is not untrue, but of course there was nothing therein which necessitated any reference to the petitioner's conduct or reference to the resumption of any marital relations between them.

The parties having lived apart for more than ten years before the filing of the petition, the record presented for the consideration of the Court seems to raise the question as to whether in the exercise of its discretion it should grant the petition. *Stewart* vs. *Stewart*, 45 R. I. 375.

After careful consideration of all the evidence and exercising such discretion, the Court is of the opinion that it should not grant the petition and the same is denied.

For petitioner: Michael F. Costello.
For respondent: Henry E. Crowe.